OPINION OF THE COURT
Bentley Kassal, J.
Plaintiff moves, by order to show cause, for an order, pursuant to CPLR 3102 (subd [c]) directing that depositions of plaintiff and defendant be conducted for the purpose of preserving testimony for trial.
Initially, it must be noted that perpetuation of testimony is the only basis on which such depositions are sought. Plaintiff has served a complaint, and while defendant has moved to *881 dismiss pursuant to CPLR 3211, no claim is made that the deposition is sought in aid of framing the pleadings or responding to the motion.
PLAINTIFF
With respect to the application to depose plaintiff, herself, it is apparent that she is 73 years old and, according to her attorney’s hearsay affidavit, infirm and presently hospitalized. At the argument of this motion, defendant’s attorney had no objection to this branch of plaintiff’s motion. Therefore, plaintiff’s attorney shall notice the examination of the plaintiff forthwith, to be held at such location as will be reasonably convenient to all parties.
DEFENDANT
Although the defendant is 80 years old, no allegation is made with respect to any infirmity that may prevent him from appearing at trial, and his attorney vigorously opposes such deposition.
ISSUE
The issue thus presented is whether the defendant’s age of 80, alone, is a sufficient basis for directing his deposition.
The only case which I have found that treats this issue is Boyo v New York City Tr. Auth. (72 Misc 2d 165). In that case the court interpreted this section by drawing an analogy with CPLR 3403 (subd [a], par 4), which grants trial preference to a party who has reached 75. This the court held to be a legislative recognition of mortality tables, and granted the plaintiffs application to have herself deposed pursuant to CPLR 3101 (subd [a], par 3).
That case, however, is distinguishable since the plaintiff there sought to have her own testimony taken, thereby waiving any objection based on her own convenience, while this defendant ardently opposes the application by the plaintiff to perpetuate his testimony.
In reviewing an application pursuant to CPLR 3102 (subd [c]), the court must weigh the present needs of the petitioner and the possibility of future need for the deposition against the inconvenience to the deponent. (3A Weinstein-Korn-Miller, NY Civ Prac, par 3102.08.) Since plaintiff has demonstrated neither an immediate need for the deposition nor shown a *882 substantial basis for future need, this court is not prepared, to say that the defendant’s age, alone, is sufficient.
The only stated need for defendant’s deposition is that plaintiff "would be better able to detail and particularize her allegations, especially those related to defendant’s fraud, after deposing defendant as to those matters which are exclusively in his own knowledge and/or control.”
The court notes that assuming plaintiff is successful on defendant’s motion to dismiss; she will be free to notice the defendant for deposition, without court order 20 days after the determination of the pending motion to dismiss or sooner by application to the court upon a determination of that motion favorable to her.
The relief requested by the plaintiff is extraordinary and she must, therefore, bear the heavy burden of demonstrating not only its propriety but its necessity, which she has totally failed to do, especially in view of the stay on all disclosure by reason of the pendency of a CPLR 3211 motion.
Therefore, the motion insofar as it seeks to depose the defendant is denied without prejudice to renewal after issue has been joined.